UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

MINEOLA WATER CORPORATION,   CASE NO. 08-13158-WSS

Debtor.   Chapter 11

## ORDER DENYING MOTION TO EXTEND BAR DATE

Lawrence B. Voit, Counsel for the Debtor
Jeffery J. Hartley, Counsel for Nancy Brown
Travis M. Bedsole, Jr., Bankruptcy Administrator

This matter is before the Court on Nancy Brown's motion to extend the bar date. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. After due consideration of the pleadings, briefs, and arguments of counsel, the Court finds as follows:

The Debtor, Mineola Water Corporation, filed its chapter 11 petition on August 26, 2008. In response to Mineola's motion to set last day to file proofs of claim, the Court entered an order on October 1, 2008, setting December 30, 2008 as the bar date for proofs of claim, and notice was sent to Nancy Brown. The court record indicates that Nancy Brown's counsel was present when the Court announced the bar date in court on September 23, 2008.

Brown filed a motion to extend the bar date on December 30, 2008, asserting that she needs more time because "nonbankruptcy litigation is ongoing that may impact the necessity of filing a proof of claim in this matter." The Debtor objected to the extension of time because Brown had not shown sufficient grounds for extending the bar date and an extension would delay the Debtor's ability to formulate a plan. During the pendency of the Debtor's case, Brown has

1

filed a notice of appearance with amendment (Dkt 16 & 18), a notice of deposition (Dkt 58) and a motion to extend the bar date on December 30, 2008 (Dkt 61). At oral argument and in her brief, Brown claims to be a stockholder of the Debtor, and to have made two $50,000 loans to the Debtor. She states that she is unable to determine the value of her stock due to a lack of suitable books and records from the Debtor. Brown believes the two loans may have been made while the Debtor is insolvent, but she cannot make this determination without proper accounting records from the Debtor. She has tried to schedule the deposition of William Allen Shelton, a former officer of the Debtor, to determine the value of her stock and the use of the loan proceeds. Brown filed the motion to extend the bar date after Shelton cancelled two deposition dates.

Brown maintains that she filed an informal proof of claim prior to the bar date which she can now amend. To be an informal proof of claim, a document must inform the bankruptcy court of "the existence, nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim." *In re Charter Company*, 876 F.2d 861, 863 (11th Cir. 1989). If an informal proof of claim is found to exist, the creditor must file a formal proof of claim to "amend and cure any defect in the informal claim." *In re Square Shooter*, 130 B.R. 108, 109 (Bankr. S.D. Ala. 1991). Brown asserts that the notice of appearance with amendment, the notice of deposition for Shelton, and her motion to extend the bar date on December 30, 2008 constitute an informal proof of claim, and that the documents notified the Court and the Debtor of her claim based on her stock ownership and the two loans, and her intent to hold the Debtor liable for the claim.

Having examined the documents at issue, the Court determines that Brown has not filed an informal proof of claim. The notices of appearance only identify Brown as a "creditor" and do not

2

inform the Court of the nature or extent of her claim, or her intent to hold the Debtor liable for any claim she might have. The notice of deposition for Shelton again names Brown as "creditor" and provides a list of documents to be produced, but as the Debtor points out in its reply brief, the document does not give an amount for Brown's claim, and does not indicate Brown's intention to hold the Debtor liable for the debt. Brown's motion to extend the bar date gives the most information about her claim, stating that she needs "additional time as discovery in a related nonbankruptcy litigation is ongoing that may impact the necessity of filing a proof of claim in this matter." The motion does not give the amount or nature of the claim, and does not clearly indicate Brown's intent to hold the Debtor liable for the claim. None of the documents referenced by Brown provide the amount of her claim. She explained that she does not know the value of her stock due the Debtor's lack of records. However, she did know the amount of the two $50,0000 loans and still did not file a claim for this amount. The first indication in the Court's record that Brown based her claim on stock ownership and the two $50,000 loans came during the hearing on the motion to extend the bar date and Brown's letter brief rather than from any of the documents that Brown claims constitute her informal proof of claim. The Court also learned from oral argument that Brown intentionally delayed filing a proof of claim due to concern that filing a proof of claim would submit her to the jurisdiction of the Court and therefore waive her right to a jury trial in a potential action against the Debtor. Brown's claim to have filed an informal proof of claim contradicts her argument that she deliberately delayed filing a proof of claim due to concerns for waiving her right to a jury trial. Because the documents cited by Brown failed to inform the Court and the Debtor of the nature of the claim, the amount of the claim and Brown's intention to hold the Debtor liable for the claim, the Court finds that Brown did not file an

3

informal proof of claim before the bar date.

Brown also asserts that her failure to file a claim before the bar date was due to excusable neglect. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause may extend the time within which proofs of claim or interest may be filed." The rule must be read in conjunction with Bankruptcy Rule 9006(b)(1), which provides that the court for cause may enlarge certain time requirements set by the Bankruptcy Code "where the failure to act was the result of excusable neglect." The U.S. Supreme Court established guidelines for determining "excusable neglect" in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993), holding that the court must consider: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant, and (4) whether the movant acted in good faith.

Applying these factors to the present case, the Court finds that extending the bar date for Brown would cause some prejudice to the Debtor, who would be forced to delay developing it plan for at least 30 days. Brown's reason for the delay weighs heavily in this fact situation. As noted above, Brown says her inability to value her stock due to the Debtor's poor record keeping and Shelton's refusal to sit for a deposition delayed the filing of her claim. In addition, she was unable to determine if the Debtor was insolvent at the time that she make the loans to the corporation. Despite these difficulties, Brown knew well before the bar date that she owned stock in the Debtor and that she made two $50,000 loans to the Debtor. She could have filed a claim for her stock and the loans before the bar date, and amended the claim when the information became available. The exact value of the stock and the knowledge of whether the Debtor was insolvent

4

when Brown made the loans was not necessary for the timely filing of a claim. The Court also must consider Brown's candid acknowledgment that she deliberately waited to file a proof of claim out of concern for waiving her right to trial by jury. Under the factors in *Pioneer*, it "has been well established that 'where a party's actions are deliberate, the party's late filing cannot constitute "excusable neglect"'." *In re Banco Latino Intern.*, 310 B.R. 780, 785 (S.D. Fla. 2004) (holding corporate officers' deliberate decision not to file a contingent proof of claim and instead wait for judgment entered five years after the bar date was not "excusable neglect" that would allow them to file a claim). The phrase "excusable neglect" suggests mistake, inadvertence, and error. Brown's strategic decision to delay filing a proof of claim appears to be the real reason that her claim was not timely filed, and this circumstance does fit within the confines of "excusable neglect" as outlined in *Pioneer*. Based on the foregoing, the Court finds that Brown's motion to extend the bar date should be denied. It is hereby

**ORDERED** that Nancy Brown's motion to extend the bar date is **DENIED**.

Dated: February 18, 2009

*William S. Shulman*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE